Laura M. Purcell, Esq. Informal Opinion Seneca Falls Central No. 97-1 School District The Granite Building 130 East Main Street Rochester, N Y 14604
Dear Ms. Purcell:
You have asked several questions regarding the proper procedure by which members of boards of education can resign their positions. You advise that a member of the board of education submitted a letter of resignation to the local school superintendent. The board of education voted to accept the resignation. You ask whether the resignation was made properly and, if it was, whether it can be rescinded.
Education Law § 2111 states:
 A school district officer may resign to a district meeting. Such officer shall also be deemed to have resigned if he filed a written resignation with the district superintendent of his district and such superintendent endorses thereon his approval and files the same with the district clerk.
We conclude that the board member[1] did not meet the requirements for an effective resignation under the first option of section 2111. "District meeting" as used in the Education Law refers not to a meeting of the board of education, but to a meeting of the inhabitants of a district to transact district business. See, e.g., Education Law §2001 providing for the first meeting of a district, §§ 2003-2008 providing for annual and special district meetings, and § 2011 which states that when a district meeting is duly called, it shall be the duty of all inhabitants qualified to vote to assemble at the appointed time and place. Accordingly, acceptance of the board member's resignation by the board of education does not meet the requirements of section 2111.
In our view, the board member also failed to make a valid resignation under the second method set forth in section 2111 because the statutory reference to "district superintendent of his district" means the district superintendent of the supervisory district, and not the local superintendent. In Matter of Arctander, 2 Ed Dept Rept 313 (1962), the Commissioner of Education concluded that section 2111 did not apply when a school district had its own local superintendent of schools but was not a member of a supervisory district, so that there was no district superintendent of a supervisory district to receive a resignation. Thus, the Commissioner construed the statutory language in issue to refer only to the superintendent of the supervisory district.
Also, section 2110 establishes penalties for school district officers who refuse to serve and provides that such officers may avoid the penalties by resigning. In that section, provision is made for officers to resign to "the district superintendent of the supervisory district" in which the officers reside. It is unlikely that the Legislature intended to designate two different individuals with power to accept resignations by the same officers in two consecutive sections of the Education Law.
In any event the filing of a written resignation with the superintendent of the supervisory district must be followed by compliance with the remaining statutory steps to effectuate a resignation. See, Matter ofSchwarz, 64 St Dept Rept 156 (1941) (resignation not effective when not endorsed or filed with clerk) and Matter of Whitelock, 34 St Dept Rept (1925) (resignation not effective when endorsed but not filed with clerk).
Public Officers Law § 31, which specifies the person or body to whom various public officers may tender a resignation, provides an alternative procedure by which a school board member may resign. That section provides that an officer of any municipal corporation, with certain exceptions not relevant here, may resign to the clerk of the corporation. Id., § 31(1)(h). "Municipal corporation" is defined in General Construction Law § 66(2) to include a school district. Thus, by its own terms, the Public Officers Law applies to resignations by school district officers. To the extent that 1959 Op Atty Gen (Inf) 189 indicates to the contrary, it is superseded.
In Matter of Verity, 28 Ed Dept Rept 171 (1988), the Commissioner of Education concluded that the provisions of the Public Officers Law govern a board member's attempt to rescind her resignation. In so holding, the Commissioner concluded that the member's resignation was properly tendered to the district clerk in accord with Public Officers Law §31(1)(h) because school board members are "public officers" and school districts are municipal corporations.[2]
Therefore Public Officers Law § 31 provides an alternative means of resignation. You have not indicated, however, that the school board member complied with its provisions.
We conclude, then, that the board member never made a valid resignation. Accordingly, discussion of rescission procedures is unnecessary.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General
[1] We note that members of a board of education are public officers in that their duties involve an exercise of the sovereign power.See, e.g., Op Atty Gen (Inf) No. 95-4.
[2] See, Matter of Arctander, 2 Ed Dept Rept 313 (1962) and Matter ofRubin, 109 Misc.2d 113 (Sup Ct Queens Co 1981) where it was decided that the Public Officers Law governs resignations when section 2111, by its terms, does not apply.